# PARKER HANSKI LLC

40 WORTH STREET, 10TH FLOOR
NEW YORK, NEW YORK 10013
PHONE: 212.248.7400
FAX:      212.248.5600
Contact@ParkerHanski.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __8/12/2020__

August 12, 2020

<u>Via ECF</u>
The Honorable Analisa Torres
United States District Judge
Southern District of New York

> **Re:**   *Ashley Francis v. Tompkins Square Acquisition LLC, Seven A Cafe Inc. and New 7A Cafe, LLC*
>
> **<u>Docket No. 1:20-cv-04015 (AT) (KHP)</u>**

Dear Judge Torres:

We represent the plaintiff in the above-entitled action.  We write to respectfully ask the Court to adjourn the deadline for plaintiff to file for a default judgment against the landlord-defendant Tompkins Square Acquisition LLC until the disposition of plaintiff's claims against the appearing/non-defaulting codefendants Seven A Cafe Inc. and New 7A Cafe, LLC.

The reason for this request is because plaintiff has already obtained a Certificate of Default against defendant Tompkins Square Acquisition LLC[1] and "[w]hen a default is entered against one defendant in a multi-defendant case, the preferred practice is for the court to withhold granting default judgment until the [trial] of the action on the merits against the remaining defendants. If plaintiff loses on the merits, the complaint should then be dismissed against both defaulting and non-defaulting defendants." *Exquisite Form Indus., Inc. v. Exquisite Fabrics of London*, 378 F.Supp. 403, 416 (S.D.N.Y. 1974); *see also Lite–Up Corp. v. Sony Music Corp.*, 1999 WL 436563, at *2 (S.D.N.Y. June 24, 1999) (holding that, where default but not default judgment had been entered as to one defendant, "[i]f the remaining defendants prevail, then the defaulting defendant will be exonerated, whereas if the plaintiff prevails on the merits, judgment will be entered against all defendants, including the defaulting party").

In this action, plaintiff seeks damages and injunctive relief to compel the defendants to perform accessibility modifications to bring themselves into compliance with the ADA.  A default judgment against the non-appearing landlord-defendant Tompkins Square Acquisition LLC would effectively grant plaintiff the ultimate injunctive relief against the appearing tenant-defendant and also impact the tenant-defendant's operations.  Accordingly, even though the defaulting and non-defaulting defendants may be held jointly and severally liable for the same damages, "deferring consideration of damages with respect to the defendants until after [plaintiffs'] contested claims are litigated will minimize the risk of inconsistent awards." *Harvey v. Home Savers Consulting Corp.*, 2008 WL 724152, at * 1 (E.D.N.Y. Mar. 17, 2008)(internal citations and quotations omitted); and *Diarama Trading Co. Inc. v. J. Walter Thompson U.S.A., Inc.*, 2002 WL 31545845, at *3–4 (S.D.N.Y. Nov.13, 2002) (court declined to enter a final

---

[1] See ECF Document # 22.

judgment against defaulting defendants because it was "apparent" that the defaulting and appearing defendants were "similarly situated" and appearing defendants were likely in privity with at least one defaulting defendant).

Plaintiff consequently respectfully asks the Court to adjourn the deadline for plaintiff to file for a default judgment against defendant Tompkins Square Acquisition LLC until the disposition of plaintiff's claims against the appearing co-defendants. Thank you for your time and attention to this matter. With kindest regards, I am

very truly yours,

/s/

Glen H. Parker, Esq.

GRANTED. The deadline for Plaintiff to file for default judgment against Tompkins Square Acquisition, LLC is ADJOURNED *sine die*.

SO ORDERED.

Dated: August 12, 2020
        New York, New York

ANALISA TORRES
United States District Judge